IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:93CR3019 |
| | ) | |
| v. | ) | |
| | ) | |
| IRMA GONZALEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | | |
| UNITED STATES OF AMERICA, | ) | 4:93CR3068 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| IRMA GONZALEZ, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER ON DEFENDANT'S MOTIONS
TO VACATE, SET ASIDE OR CORRECT SENTENCES
PURSUANT TO 28 U.S.C. § 2255

On February 7, 2005, Irma Gonzalez, who is the defendant in Case Nos. 4:93CR3068 and 4:93CR3019, filed pro se a "Motion to Eliminate Enhancements and Reduce Sentence" in Case No. 4:93CR3068. (See Case No. 4:93CR3068, filing 29.) In this motion, Gonzalez argued that her criminal sentence violated the Sixth Amendment because her sentence was enhanced "based on the sentencing Judge[']s determination of the facts that were not found by the jury or admitted by the [defendant]." (Id.) I appointed counsel to represent Gonzalez, (see Case No. 4:93CR3068, filing 30), construed her motion to be one pursuant to 28 U.S.C. § 2255, (see Case No. 4:93CR3068, filing 31), and ordered the United States Attorney to respond to the motion, (see id.). After the government filed its response, (see Case No. 4:93CR3068, filing 32), defense counsel entered appearances on behalf of Gonzalez in Case Nos. 4:93CR3068 and 4:93CR3019,

1

(see Case No. 4:93CR3068, filing 33; Case No. 4:93CR3019, filing 58), and filed in both cases a "Motion for Leave to File Motion and Amended Motion for Relief Pursuant to 28 U.S.C. § 2255," (see Case No. 4:93CR3068, filing 34; Case No. 4:93CR3019, filing 59).  After I granted these motions, (see Case No. 4:93CR3068, filing 35; Case No. 4:93CR3019, filing 60), Gonzalez filed a "Motion and Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. § 2255" in each case, (see Case No. 4:93CR3068, filing 36; Case No. 4:93CR3019, filing 61).  My analysis of Gonzalez's § 2255 motions follows.

A motion to vacate, set aside, or correct a sentence may be based upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  However, the motion must be filed within a one-year limitation period.  See id.

> The limitation period shall run from the latest of- -
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The defendant argues that in her cases, the limitations period runs from the date specified in subpart (3) of the statute.  Specifically, she claims that her § 2255 motions are timely because the right upon which she relies was initially recognized by the Supreme Court in United States v. Booker, 125 S. Ct. 738  (2005);[1] her motions were filed within one year of the Booker decision;

---

[1] In Booker, the Court held that the mandatory application of the United States Sentencing Guidelines violated the rule set forth in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), which required that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury

and Booker is retroactively applicable to cases on collateral review. (See Case No. 4:93CR3068, filing 36, ¶¶ 2-3, 9-12; Case No. 4:93CR3019, filing 61, ¶¶ 2-3, 9-12.) However, I have determined previously that Booker cannot be applied retroactively to cases on collateral review, see United States v. Sigala, No. 4:92CR3081 (D. Neb. April 19, 2005), and other courts that have considered this question have reached the same conclusion, see, e.g., Cirilo-Munoz v. United States, 404 F.3d 527, 532-33 (1st Cir. 2005); Guzman v. United States, 404 F.3d 139, 141-43 (2d Cir. 2005); Lloyd v. United States, 407 F.3d 608, 614-15 (3d Cir. 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005); Varela v. United States, 400 F.3d 864, 866-68 (11th Cir. 2005); United States v. Moreno, No. 8:96CR149 (D. Neb. May 5, 2005); United States v. Rios Ramirez, No. 4:02CR3139, 2005 WL 1027167 (D. Neb. May 2, 2005). Cf. United States v. Price, 400 F.3d 844 (10th Cir. 2005) (reaffirming an earlier holding that Blakely v. Washington, 542 U.S. 296 (2004), was not subject to retroactive application following Booker). Since Booker is not retroactively applicable to cases on collateral review, the limitation period for filing § 2255 motions in Gonzalez's cases did not run from the date of the Booker decision. Instead, it ran from the date on which the judgments of conviction became final.[2] The judgments in Case Nos. 4:93CR3068 and 4:93CR3019 were entered on February 27, 2002, (see Case No. 4:93CR3068, filing 27; Case No. 4:93CR3019, filing 54), and, as neither judgment was appealed, the judgments became final ten business days after February 27, 2002, when the time for filing a notice of appeal lapsed, see Fed. R. App. P. 4(b)(A)(i). Since Gonzalez did not file her § 2255 motions within one year of this date, I find that they were not filed timely.

**IT IS ORDERED** that the defendant's motions to vacate, set aside, or correct her sentences pursuant to 28 U.S.C. § 2255, which appear in Case No. 4:93CR3068 at filings 29 and

---

verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." See generally United States v. Booker, 125 S. Ct. 738 (2005).

[2]Gonzalez has not argued that the government prevented her from making § 2255 motions or that she could not have discovered, through due diligence, the facts supporting her claims until some relatively recent date. See 28 U.S.C. § 2255.

36 and in Case No. 4:93CR3019 at filing 61, are denied.

    Dated August 3, 2005.

                            BY THE COURT

                            s/ Warren K. Urbom
                            United States Senior District Judge